UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TELECOMMUNICATIONS PROVIDERS'
FIBER OPTIC CABLE INSTALLATION LITIGATION (NO. III)     MDL No. 2271

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, eleven plaintiffs, who are among the plaintiffs in eight actions, move for coordinated or consolidated pretrial proceedings of 29 actions pending in 25 districts as listed on Schedule A.[1] All responding plaintiffs and defendants oppose the motion.

One plaintiff in the District of North Dakota action suggests centralization in the District of North Dakota if the Panel orders centralization over his objection. Over 50 other responding plaintiffs propose centralization in the District of Idaho, the Southern District of Indiana or the District of North Dakota, if the Panel orders centralization over their objections.

The telecommunications defendants – Sprint Communications Company L.P., Qwest Communications Company, LLC, Level 3 Communications, LLC, Wiltel Communications LLC, and their affiliates – oppose the motion. These defendants are also authorized to represent that Union Pacific Railroad Company, a defendant in a limited number of the 25 closed cases, opposes the motion. The railroad defendants BNSF Railway Company and CSX Transportation Inc., which are defendants in two of the actions, also oppose the motion.

---

[*] Judges Paul J. Barbadoro and Marjorie O. Rendell took no part in the decision of this matter. At oral argument the Panel announced that three of the five other Panel members have conflicts of interest that would normally disqualify them from participating in the decision of this matter. Accordingly, the Panel also invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357-58 (J.P.M.L. 2001).

[1] The parties have notified the Panel of one related action in the District of New Mexico. Moving plaintiffs also have included a schedule of 25 related actions that they assert have been either administratively closed or dismissed without prejudice to await an agreement on a settlement process when they will be reopened to effectuate the settlements. Several plaintiffs in these closed actions are signatories to the motion; numerous other plaintiffs in these closed actions oppose the motion.

- 2 -

On the basis of the papers filed and hearing session held, we will deny the motion. All actions involve claims that arise from a practice under which telecommunications companies installed fiber optic cable systems in railroad rights of way under agreements with the railroads. Plaintiffs in 46 states and the District of Columbia have reached settlements with the telecommunication defendants as to compensation for the subject fiber optic cable installation. The moving plaintiffs seek centralization for the limited purpose of approving separate statewide class action settlements, but the parties already have begun presenting the state settlements to the districts in the respective states, and movants have not offered any persuasive arguments for upsetting that process.

In 2002, the Panel denied an earlier iteration of this motion. *See In re Telecommunications Providers' Fiber Optic Cable Installation Litig.*, 199 F. Supp. 2d 1377 (J.P.M.L. 2002). The same factors that warranted denial of the initial motion for centralization in 2002 – the absence of common factual issues, the advanced stage of the proceedings and the existence of a settlement agreement – apply with greater weight now. Notably, all respondents, which encompasses the majority of the plaintiffs and all defendants, oppose the motion.

Earlier this year, the Panel denied a motion for centralization where a settlement had been reached by the parties. *See In re: Power Balance, LLC, Mktg. and Sales Practices Litig.*, --- F. Supp. 2d ----, 2011 WL 1399702, at *1 (J.P.M.L. Apr. 08, 2011) (denying motion for centralization). The Panel found that the "cases [were] likely on the path to resolution." Similarly, here, the cases are likely on the path to resolution.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.    Barbara S. Jones

IN RE: TELECOMMUNICATIONS PROVIDERS'
FIBER OPTIC CABLE INSTALLATION LITIGATION (NO. III)     MDL No. 2271

## SCHEDULE A

Northern District of Alabama

Hubbard A. Moore, et al. v. Sprint Communication, et al., C.A. 2:02-01338
Hubbard A. Moore, et al. v. Williams Comm, et al., C.A. No. 2:02-01447

Eastern District of Arkansas

Don Wayne McDaniel v. Sprint Communications Company LP, et al., C.A. No. 4:11-00282

District of Arizona

Walter E. Sample v. Qwest Communications Company, LLC, et al., C.A. No. 3:10-08106

Eastern District of California

Dirk Regan, et al. v. Qwest Communications International Inc., et al., C.A. No. 2:01-00766

Northern District of California

Todd Smith v. Qwest Communications Company, LLC, et al., C.A. No. 5:11-02599

District of Connecticut

Caitflo, L.L.C., et al. v. Sprint Communications Company, L.P., et al., C.A. No. 3:11-00497

District of Idaho

Dennis Koyle, et al. v. Level 3 Communications, Inc, et al., C.A. No. 1:01-00286

Northern District of Illinois

Don Wayne McDaniel, et al. v. QWest Communications Corporation, et al.,
  C.A. No. 1:05-01008

District of Kansas

Howard Cox, et al. v. Sprint Communications Company, L.P., C.A. No. 6:10-01262

- A2 -

District of Maine

Cascade Corporation v. Sprint Communications Company, LP, C.A. No. 2:11-00125

Eastern District of Michigan

James Coghlan, et al. v. Sprint Communications Company, L.P., et al., C.A. No. 2:11-11563

Eastern District of Missouri

Patricia Ann Polston v. Sprint Communications Company, L.P., et al., C.A. No. 4:10-00749

District of Montana

Janet Amunrud v. Sprint Communications Company, L.P., et al., C.A. No. 1:10-00057
Flynn Ranch of Townsend v. Sprint Communications Company, L.P., C.A. No. 1:11-00047

District of Nevada

Elizabeth Wear, et al. v. Sprint Communications Company, L.P., et al., C.A. No. 2:11-00809
Carmen Worstell vs Sprint Communications Company, L.P., et al., C.A. No. 3:10-00304

District of New Hampshire

Longa Revocable Trust, et al. v. Sprint Communications Company, L.P., C.A. No. 1:11-00172

District of New Mexico

Dale Fager, et al. v. Qwest Communications Corporation, C.A. No. 6:10-00498

Northern District of New York

David Vormwald, et al. v. Sprint Communications Company, L.P, et al., C.A. No. 5:11-00329

District of North Dakota

Marlyn E. Nudell, et al. v. BNSF Railway Company, et al., C.A. No. 3:01-00041

District of Oregon

Byron Scott Farms, Inc., et al. v. Level 3 Communications, LLC, et al., C.A. No. 3:10-01066
Bill Zografos, et al. v. Qwest Communications Corporation, et al., C.A. No. 6:00-06201

- A3 -

<u>District of Rhode Island</u>

Scott E. Coombs, et al. v. Sprint Communications Company, L.P., C.A. No. 1:11-00144

<u>District of South Dakota</u>

Milo Knutson v. Sprint Communications Company, L.P., C.A. No. 4:11-04041

<u>District of Utah</u>

Moyle, LLC, et al. v. Level 3 Communications, et al., C.A. No. 2:10-00477

<u>Western District of Washington</u>

William S. Bendixen, et al. v. Sprint Communications Company, L.P., et al.,
  C.A. No. 3:11-05274

<u>Northern District of West Virginia</u>

Terry W. Hess v. Sprint Communications Company, L.P., C.A. No. 3:11-00035

<u>District of Wyoming</u>

Legacy Ranch LLP v. Sprint Communications Company, LP, et al., C.A. No. 2:10-00103